UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUSA ZONJA,

        Plaintiff,

v.                              CASE NO. 8:24-cv-16-JLB-SPF

THE HONORABLE THEODORA
KOMNIOS,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1), the Motion (Doc. 2), and Plaintiff's financial affidavit (Doc. 3), the undersigned recommends the Motion be denied, and the Complaint be dismissed.

### I.    BACKGROUND

Plaintiff purports to sue Defendant the Honorable Theodora Komninos ("Judge Komninos"), a state-court judge (Doc. 1 at 1).[1]  From what can be discerned, Plaintiff alleges Judge Komninos "violated all [his] rights" (*Id.* at 7) by "forc[ing] [him] to be a 'corporate fiction,'" failing "to be on good behavior," "threatening [him] with warrants," and "forc[ing] [him] into admiralty maritime law [and] not common law" (*Id.* at 4–5).  He alleges the subject

---

[1] The cover sheet of Plaintiff's Complaint refers to "Judge Theodora C Komnios" (Doc. 1 at 1).  The correct spelling of Defendant's last name is Komninos.  *See* Judges of the Sixth Judicial Circuit of Florida, Sixth Judicial Circuit of Florida (Mar. 25, 2024), available at https://www.jud6.org/ContactInformation/JudgesPhoneNumbers.html.

events occurred on December 18, 2023, when he appeared before Judge Komninos "for driving without [a] license" (*Id.* at 9).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[2] Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

## III.    ANALYSIS

First, the Court notes Plaintiff has not identified any grounds for suing Defendant. Judges are entitled to absolute judicial immunity for those acts performed within the function of their judicial office, and they may not be sued for the actions they took in their official role. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The law is clear that judicial immunity applies when "(1) 'the judge deal[t] with the plaintiff in his judicial capacity' and (2) the judge did not act 'in the clear absence of all jurisdiction.'" *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (quoting *Dykes v. Hosemann,* 776 F.2d 942, 945 (11th Cir. 1985) (en banc)).

Moreover, "[t]he immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority ....'" *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Stump*, 435 U.S. at 356–57). "Few doctrines were more solidly

established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.... This immunity applies even when the judge is accused of acting maliciously and corruptly....” *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  The Court notes Plaintiff’s Complaint lacks any plausible and specific allegation that Defendant acted outside the function of her judicial office.  According to the Complaint, the alleged misconduct took place during Defendant’s appearance before Judge Komninos (Doc. 1 at 9).  Defendant offers no facts to plausibly suggest Judge Komninos acted without jurisdiction or stepped outside of her role as a judge at any time during the hearing.  As such, she is afforded immunity from this lawsuit.

Plaintiff’s Complaint should also be dismissed as an impermissible shotgun pleading. The failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a shotgun pleading, often violative of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.  *See Weiland v. Palm Beach Cty. Sheriff’s Off.*, 792 F.3d 1313 (11th Cir. 2015).  “The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.”  *Id.* at 1323.

Moreover, Federal Rule of Civil Procedure 8(a)(1) requires that a pleading include “a short and plain statement of the grounds for the court’s jurisdiction.”  Fed. R. Civ. P. 8(a)(1). The Complaint includes no such statement: a page in the Complaint with the heading “Argument for Jurisdiction” was left blank (Doc. 1 at 6).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a “short and plain statement of the claim” showing the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  And Rule 10(b) of the Federal

Rules of Civil Procedure requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense" when doing so promotes clarity.  Fed. R. Civ. P. 10(b).  Plaintiff's Complaint fails to meet these requirements.  It also fails to identify "which allegations of fact are intended to support which claim(s) for relief" with sufficient clarity to enable Defendant to frame a responsive pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Finally, Federal Rule of Civil Procedure 8(a)(3) requires that a pleading contain "a demand for the relief sought," but Plaintiff includes no such statement.  Fed. R. Civ. P. 8(a)(3).

Accordingly, Plaintiff's Complaint violates Rules 8(a)(1), 8(a)(2), 8(a)(3), and 10(b) of the Federal Rules of Civil Procedure, and Defendant lacks adequate notice of the claims against her and the grounds upon which each claim rests.

## IV.  CONCLUSION

For these reasons, the undersigned recommends Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.  While, ordinarily, a party should be given at least one opportunity to amend,[3] given the nature of Plaintiff's allegations, it does not appear that Plaintiff could state a valid, nonfrivolous claim for relief that is plausible on its face if given the opportunity to amend.

Accordingly, it is hereby

**RECOMMENDED:**

1.  Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be denied.

---

[3] *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

2. Plaintiff's Complaint (Doc. 1) be *sua sponte* dismissed with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on April 22, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.